5373.

(Court of Appeal, Parish of Orleans).

## THOMAS JOHNSON vs. A. PUHALOVICH, ET AL.

If a litigant thinks a sheriff's return is incorrect, he may take a a rule on all parties in interest to have it corrected; he cannot allow such return to be received in evidence without objection and then seek to attack it collaterally.

Appeal from the Civil District Court, Division "A."

Dinkelspiel, Hart & Davey, for plaintiff and appellee.

G. F. Bartley, for defendant and appellant.

DUFOUR, J.—This is an appeal from a judgment con-

demning a surety on a forthcoming release bond to produce the property or to pay the amount of the judgment.

No written answer to the rule was made until after judgment and, at the hearing, no complaint was made except that the sheriff's return was false. This was not done until after the writ of **fi fa**, and the sheriff's return had been offered in evidence and received without objection.

In ruling out the offer of proof that the return was untrue the trial judge said:

> "If what you say were true, no judicial paper would be worth the paper it is written on. If you think that the sheriff's return does not state the facts correctly, take a rule to have the return corrected, and, after correction, offer it as corrected. Of course you are not at the mercy of the sheriff, but you have to take proceedings directly against him, giving notice to the parties in interest."

We find no error in the ruling.

Judgment affirmed.